FILED
CLERK, U.S. DISTRICT COURT
11/21/2023
CENTRAL DISTRICT OF CALIFORNIA
BY: TV DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

January 2023 Grand Jury

UNITED STATES OF AMERICA,

Plaintiff,

v.

REYES LEON MEZA,

Defendant.

ED CR No. 5:23-cr-00236-JGB

I N D I C T M E N T

[21 U.S.C. §§ 841(a)(1), (b)(1)(C): Distribution of Fentanyl Resulting in Death; 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi): Possession with Intent to Distribute Fentanyl; 21 U.S.C. § 853: Criminal Forfeiture]

The Grand Jury charges:

COUNT ONE

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

On or about August 16, 2023, in San Bernardino County, within the Central District of California, defendant REYES LEON MEZA knowingly and intentionally distributed N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance, the use of which resulted in the death and serious bodily injury of victim J.Z.

COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi)]

On or about November 8, 2023, in Riverside County, within the Central District of California, defendant REYES LEON MEZA knowingly and intentionally possessed with intent to distribute at least 400 grams, that is, approximately 1,631 grams, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenlyethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

FORFEITURE ALLEGATION

[21 U.S.C. § 853]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, in the event of the defendant's conviction of the offenses set forth in either of Counts One and Two of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from any such offense;

(b) All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense; and

(c) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3. Pursuant to Title 21, United States Code, Section 853(p), the defendant, if so convicted, shall forfeit substitute property if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished

in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/s/

Foreperson

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

SCOTT M. GARRINGER
Assistant United States Attorney
Deputy Chief, Criminal Division

IAN V. YANNIELLO
Assistant United States Attorney
Deputy Chief, General Crimes Section

K. AFIA BONDERO
Assistant United States Attorney
General Crimes Section